UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>MICHAEL DONAHE,<br>Defendant. | Case No. 19-cr-00481-EJD-1 (VKD)<br><br>**ORDER OF RELEASE FROM CUSTODY PENDING REVOCATION HEARING;**<br><br>**LOCATION MONITORING CONDITIONS SUBJECT TO APPROVAL OF PRESIDING JUDGE** |

On January 24, 2025, defendant Michael Donahe appeared before the Court pursuant to an arrest warrant and petition (Dkt. No. 43) charging him with violations of his conditions of supervised release. The Probation Office recommended detention pending further investigation regarding the availability of residential substance abuse treatment. The United States concurred in that recommendation. Mr. Donahe argued that he should be released from custody subject to additional conditions.

Having considered the factors set forth in 18 U.S.C. § 3142(g), the matters in the petition, the proffers of counsel for Mr. Donahe and for the United States, and the recommendation of the Probation Office, and for the reasons stated on the record, the Court concludes that Mr. Donahe has met his burden to show by clear and convincing evidence that a combination of conditions may be imposed to reasonably assure that he does not pose a danger to the community and that he will not flee or fail to appear for court as required. Fed. R. Crim. P. 32.1(a)(6).

Accordingly, **the Court orders that Mr. Donahe be released from custody immediately**.

Subject to approval by the presiding judge, the Court orders that Mr. Donahe comply with the following location restriction and monitoring condition:

Mr. Donahe must continue to reside at his reported residence, and he shall be subject to home detention monitored with the aid of location monitoring, subject to approval by the presiding judge of the following **proposed condition of supervised release**:

> You must participate in the Location Monitoring Program as directed by the probation officer for a period of up to 120 days, and be monitored by location monitoring technology at the discretion of the probation officer. Location monitoring must be utilized to verify your compliance with home detention while on the program. You are restricted to your residence at all times except for employment, education, religious services, medical appointments, substance abuse or mental health treatment, attorney visits, court appearances, court-ordered obligations, or other activities pre-approved by the probation officer. You must pay all or part of the costs of the program based upon your ability to pay as determined by the probation officer.

Mr. Donahe must continue to comply with all existing conditions of his supervised release, as ordered by the presiding judge.

The Court understands that the Probation Office will request that the presiding judge modify Mr. Donahe's conditions of supervised release to include the above proposed location restriction and monitoring condition.

Mr. Donahe must appear for a further hearing on **January 29, 2025 at 1:00 p.m.** before the undersigned magistrate judge regarding whether he should be required to participate in residential substance abuse treatment.

**IT IS SO ORDERED.**

Dated: January 24, 2025

Virginia K. DeMarchi
United States Magistrate Judge